WILKEN, District Judge,
dissenting:
I respectfully dissent.
The district court concluded that Drim-mer did not satisfy Rule 23(a)(4)’s requirement that representative parties fairly and adequately protect the interests of the class. The district court based its finding on two factors: “the combination of a personal relationship [and] landlord-tenant relationship” between Drimmer and his attorney, and Drimmer’s “inexplicable disinterest in pursuing all remedies available to him.” However, the court stated that “any one factor would not disqualify Drim-mer.”
Drimmer seeks restitution against WD-40 in the form of a refund of the purchase price of 2000 Flushes. He does not seek recovery of the cost of repairing damage to class members’ toilets resulting from the use of 2000 Flushes. The district court believed that this evinced a conflict between Drimmer and members of the class *222 whose toilets had been damaged and who could potentially obtain monetary damages as a result.
Because a UCL claim is equitable in nature, prevailing plaintiffs are generally limited to injunctive relief and restitution; damages cannot be recovered. In re Tobacco II Cases, 46 Cal.4th 298, 312, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009). Damages were thus not available to Drimmer in connection with this claim, and he should not be considered an inadequate class representative for deciding not to seek them.
Damages were available in on Drim-mer’s negligence and Song-Beverly Act claims. However, Rule 23(b)(3) permits class certification only if “questions of law or fact common to class members predominate over any questions affecting only individual members.” This predominance requirement prevents Drimmer from pursuing any claim on behalf of class members based on injury in the form of actual damage to class members’ toilets, because doing so would require the introduction of individualized evidence and would preclude class certification under Rule 23(b)(3). In fact, the district court correctly found that class certification was unavailable on Drimmer’s negligence claim because an individualized showing of damages was an element of the claim, and thus Rule 23(b)(3)’s predominance requirement could not be satisfied. Drimmer does not appeal the district court’s decision to deny class certification of the negligence claim.
In contrast to the negligence claim, toilet damage is not an element of the type of Song-Beverly Act claim Drimmer asserts. See Hicks v. Kaufman and Broad Home Corp., 89 Cal.App.4th 908, 918, 107 Cal. Rptr.2d 761 (2001). It was reasonable for Drimmer to believe that seeking compensation for toilet damage in connection with this claim would cause individualized issues to predominate, thereby rendering class certification inappropriate. Drimmer should not be declared an inadequate class representative because he declined to seek a remedy that would defeat class certification.
Nor would Drimmer’s decision prejudice class members whose toilets were damaged. Those class members would not be precluded from pursuing their own negligence or Song-Beverly Act claims for toilet damage because such claims would require the introduction of individualized evidence and thus cannot be asserted in this action. See Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir.1998) (“Res judi-cata (or claim preclusion) bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action.”) (emphasis added).
Because the district court stated that no single factor was sufficient to disqualify Drimmer, it appears that the court would have found Drimmer to be an adequate class representative if it had not taken into account Drimmer’s failure to seek damages for injury to class members’ toilets and, instead, had only considered Drim-mer’s relationship with his attorney. It is also important to note the fact that the attorney is apparently no longer working on this case. Accordingly, I would remand for the district court to conduct a new inquiry on Drimmer’s adequacy as class representative.
Because the majority affirms the district court on the basis of the district court’s adequacy finding, it did not reach the issues of predominance, commonality and superiority. Because I would remand, I would also reach these issues and would find that the district court erred in its analysis of them.